with the indulgence of the lawyers in the City of New York, I think you can stay right where you are. This won't take very long, I don't think. Good morning, Your Honor. I'm Christopher Bose for the Plaintiff Appellant, Dawn Marie Sech. Now, I understand from the submission, I just want to make sure that the panel is clear on what the agreement is, but the parties have now agreed that this panel should vacate the decision of the District Court that denied equitable tolling to the petitioner and that the Commissioner is now consenting to this matter being heard on the merits in the District Court. Am I correct about that? I believe that's a correct characterization. I don't know if the counsel for the Commissioner would agree on that, but there's two ways for Ms. Sech to get her relief. One is for the District Court to exercise equitable tolling and deem the complaint timely filed, or extend the time I should say, or the Commissioner is empowered under 405G, 42405G to extend the time beyond the 60-day period in circumstances, and that event has now happened. The Commissioner has agreed to deem the complaint as being timely filed, and I received that agreement last night. We would ask that this Court remand the case to the District Court so the case can proceed on the merits. Could I hear from the Commissioner on that? So yes, that is an accurate characterization of what we're asking for in the motion. Okay, so we're going to remand this, and we're going to vacate the denial of tolling, and the case will proceed on the merits, is that correct? That's correct. Can I just say, and I expect you already know this, but there's reason to be disappointed in the way this matter has unfolded. We have three judges that have prepared to hear the case on the merits, and a very last-minute agreement, and I'm not seeing any reason this couldn't have happened considerably some time ago to avoid the waste of resources. I also note that the government is in its letter noting a factual error in a declaration made to the District Court that it would have been on notice of some time ago, because it was mentioned in the reply brief of the petitioner, but we just got a notice about it again two days ago, so that's unfortunate. Is that understood? Yes, we realize that. We apologize for that. Is that a one-off, are these one-off situations, or is there something systemic about these lapses? As far as we know, this is a one-off situation and we're taking it very seriously. We had considered whether a Jacobson remand would be appropriate to avoid having the SEC have to pay a separate filing fee for a new appeal, this appeal having come to naught, in essence. Is that something that, the matter would come back to a different panel if there were an appeal, really by either party. Either party could restore the matter to our docket after a merits decision by the District Court. Is that something that you would have an objection to if we proceeded in that way? The notion of remands, ordinarily you'd have a voluntary dismissal, a stipulated voluntary dismissal, that isn't what's happening here, you're asking for an order of remanding, and potentially another appeal would be on the horizon. Do you see what I'm saying? I understand, Your Honor, the circumstances of my client, Dawn Marie Sack, is that she's indigent, she subsists on public assistance, and any filing fee, I believe, would be waived through an application for a form of co-operative, so I don't see the need to, I appreciate you bringing that up, but we would proceed on a motion to proceed in form of co-operative in that event. Thank you very much. Thank you both.